**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

———————————————————————————————————

MELVIN YOUMANS and,
LOIS KOONS, individually
and on behalf of all others similarly
situated,

                              Case No.

             *Plaintiffs*,

      v.                       JURY TRIAL DEMANDED

KNUDSEN & SONS, INC.,

             *Defendant.*

———————————————————————————————————

## CLASS ACTION COMPLAINT

Plaintiffs, Melvin Youmans and Lois Koons ("Plaintiffs"), individually, and on behalf of all other similarly situated persons, by and through their undersigned counsel, bring this class action complaint against defendant, Knudsen & Sons, Inc., ("Defendant").

### SUMMARY OF THE CASE

1.      At all times relevant to the matters alleged in this Complaint, Defendant has made, and continues to make, affirmative misrepresentations and/or omissions regarding its R.W. Knudsen Family Organic Blueberry Pomegranate Juice (herein after "Juice Blend") which is comprised of water (sufficient to reconstitute), organic apple juice concentrate, blueberry puree, pomegranate juice concentrate and lemon juice concentrate.

2.      Defendant knowingly and purposefully failed to disclose to its consumers that the primary ingredient in the Juice Blend is actually reconstituted apple juice, and other juices from concentrate.  To this day, Defendant has taken no meaningful steps to clear up consumers' misconceptions regarding its product.

1

3.      As a consequence of Defendant's unfair and deceptive practices, Plaintiffs, and members of the Class, have purchased Knudsen & Sons' Juice Blend under the false impression that, by drinking Defendant's product they would be enjoying the healthful and nutritional benefits associated with a juice they believe is not from concentrate or made from reconstituted juices.

4.      Significantly, **each** consumer has been exposed to the **same** material misrepresentations and/or omissions which are **<u>not</u>** displayed as required on the product's principal display panel for the Knudsen & Sons' Juice Blend prior to purchasing the product.

5.      The Juice Blend label features the product name, "Organic Blueberry Pomegranate," and contains the words, "An Apple, Blueberry, Pomegranate, and Lemon Juice Blend with Other Ingredients," in small print below.  Also on the front of the label is a box bearing the description, "100% JUICE No Sugar Added."  Terms such as "from concentrate" or "reconstituted" are not mentioned as required under current federal juice labeling regulations.

6.      The Juice Blend is made from a combination of more than one reconstituted and/or concentrated juices.

7.      Knudsen & Sons' Juice Blend misleads consumers into believing the product consists predominantly of juices not from concentrate, when in reality, it consists predominantly of reconstituted juice or juice concentrates.

8.      Under Federal and Florida state law, products such as Defendant's Juice Blend is "misbranded" if their "labeling is false or misleading in any particular," or if it does not disclose certain required information on its labeling. *See* 21 C.F.R. 102.33(g); 21 U.S.C. § 343(a); Florida Food Safety Act § 500 *et seq*; Fla. Stat. §§500.01-500.80 (2014).

9.     Further, any violation of the Florida Food Safety Act also constitutes violations of Florida's Consumer Protection Statues §§501.201-501.213 (2014), Florida Deceptive and Unfair Trade Practice Act, False Advertising pursuant to Fla. Stat. § 817.44 (2014), Breach of Express Warranty Pursuant to Fla. Stat. §672.313 (2014); Breach of Implied Warranties for Merchantability and Usage of Trade Pursuant to Fla. Stat. §672.314 (2014), Breach of Implied Warranty pursuant to Uniform Commercial Code §2-314 (2014), Negligence and Unjust Enrichment. In this action, Plaintiffs assert claims under these state statutes, as well as under common law.

10.     For the reasons stated herein, Defendant's Juice Blend sold in the United States is misbranded and illegal.

## PARTIES

11.     Plaintiffs are residents of Tallahassee, Florida.

12.     Plaintiff, Melvin Youmans, purchased Knudsen & Sons' Juice Blend, in the 32 fl. oz. bottle, in Tallahassee or Leon County, within the four years preceding the filing of this action (the "Class Period").  Plaintiff Youmans relied upon the Defendant's false labeling, believing he was purchasing a product consisting predominantly of juices that are not from concentrate or reconstituted, when in reality, it consists predominantly reconstituted juice or juice concentrates.

13.     Plaintiff, Lois Koons, purchased Knudsen & Sons' Juice Blend, in the 32 fl. oz. bottles, in Tallahassee or Leon County, within the four years preceding the filing of this action (the "Class Period").  Plaintiff Koons relied upon Defendant's false labeling, believing she was purchasing a product consisting predominantly of juices that are not from concentrate or reconstituted, when in reality, it consists predominantly reconstituted juice or juice concentrates.

14.     Defendant, Knudsen & Sons, Inc., is an Ohio corporation with its principal office located in Chico, California.

15.     Defendant, Knudsen & Sons, Inc., is a corporation that produces, markets, and sells the Juice Blend nationwide using its name, R.W. Knudsen, including in this State, district, and division.

## JURISDICTION AND VENUE

16.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action in which: (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) a member of the class of Plaintiffs is a citizen of a State different form a defendant; and (3) the number of members of all proposed Plaintiffs classes in the aggregate is greater than 100.

17.     This Court has personal jurisdiction over Defendant because a substantial portion of the wrongdoings alleged herein occurred in Florida. Defendant also has sufficient minimum contacts with Florida, and has otherwise intentionally availed itself of the markets in Florida through the promotion, marketing, and sale of products sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

18.     Venue is proper in this District pursuant to 28 U.S.C. § 139(b)(2) and (3) because a substantial part of the events or omissions giving rise to these claims occurred in this District, a substantial part of the property that is the subject of this action is situated in this District, and Defendant is subject to the Court's personal jurisdiction with respect to this action.

## FACT RELEVANT TO ALL CLAIMS

**Knudsen & Sons' Juice Blend is misbranded and illegal**

19.     All containers of Knudsen & Sons' Juice Blend sold in the United States are

4

misbranded and illegal.

20.     Their sale constitutes violations of Florida Administrative Code Rule 5k-4.002(1)(d) (2009), 21 C.F.R. 102.33(g), the Florida Food Safety Act, Florida's Consumer Protection Statues §§501.201-501.213 (2014), Florida Deceptive and Unfair Trade Practice Act, False Advertising pursuant to Fla. Stat. § 817.44 (2014), Breach of Express Warranty; Breach of Implied Warranties for Merchantability and Usage of Trade Pursuant to Fla. Stat. §672.314 (2014), Breach of Implied Warranty pursuant to Uniform Commercial Code §2-314 (2014), Negligence and Unjust Enrichment.

21.     Defendant intended to market its juice blend products to a category of health-conscious consumers, including Plaintiffs.  Health conscious consumers tend to avoid processed beverages in favor of more natural and organic varieties that are not from concentrated or reconstituted juices.

22.     The process of concentrating and reconstituting fruit juice involves filtration, extraction, and evaporation.  Evaporation involves heating the juice to high temperatures and extraction involves adding some chemicals to get a more condensed product   Fruit juice from concentrate can contain additives to enhance color, flavor and nutritional content. [1]

23.     The concentrate solution is then warehoused generally a year or longer, having already lost the bulk of its nutritional value.

24.     The process for concentrating and reconstituting fruit juices at Knudsen & Sons, Inc., upon information and belief, further includes:

(1) the removal of naturally present air from the intercellular spaces of the juice through

---

[1] Dubois, Sirah. (2014, February 4). *Health Risks for Juice from Concentrate*. Retrieved January 12, 2015, from Livestrong: http://www.livestrong.com/article/531526-health-risks-for-juice-from-concentrate/.

the deaeration process;

(2) the reduction and deactivation of naturally occurring enzymes and microbial activity

through pasteurization;

(3) the addition of chemically engineered "flavor packs" derived from sources other than

those used to make the juice, in order to mimic the flavor that natural juice has; and

(4) the addition of chemically engineered coloring derived from ingredients other than

those used to make the juice the enhance the color.

25.     Defendant sought to obtain greater sales by withholding words such as "from

concentrate" or "reconstituted" from the face of its product label.

26.     Defendant knowingly and intentionally sold these misbranded products to

consumers (including Plaintiffs) with the intent to deceive them.

27.     Plaintiffs purchased Knudsen & Sons' Juice Blend within the Class Period.

28.     Knudsen & Sons' makes a juice blend sold with a principal display panel that fails

to display any terms which might reflect the fact that the juice blend is from concentrate, as

required per 21 C.F.R. 102.33(g)(1):

> If one or more juices in a juice beverage is made from concentrate, **the name of
> the juice must include a term indicating that fact, such as "from
> concentrate," or "reconstituted."** Such terms must be included in the name of
> each individual juice or it may be stated once adjacent to the product name so that
> it applies to all the juices, (e.g., "cherry juice (from concentrate) in a blend of two
> other juices" or "cherry juice in a blend of 2 other juices (from concentrate)").
> The term shall be in a type size no less than one-half the height of the letters in the
> name of the juice.  [emphasis added]

29.     The name on the front label of the Defendant's product displays the words in

large font, "R.W. Knudsen Family Organic Blueberry Pomegranate" on separate lines.  Below

those words, Knudsen & Sons placed the phrase, "An Apple, Blueberry, Pomegranate and

Lemon Juice Blend with Other Ingredients" in smaller type face.

30.     Plaintiffs read and reasonably relied on the labels as described herein when buying Knudsen & Sons' Juice Blend. The primary display panel (front label) of Knudsen & Sons' Juice Blend appears as follows:

**R.W. Knudsen Family Organic Blueberry Pomegranate – Front View**



**R.W. Knudsen Family Organic Blueberry Pomegranate Ingredient List**

| Nutrition | Ingredients |
|-----------|-------------|

FILTERED WATER (SUFFICIENT TO RECONSTITUTE), ORGANIC APPLE JUICE CONCENTRATE, ORGANIC BLUEBERRY PUREE, ORGANIC POMEGRANATE AND ORGANIC LEMON JUICE CONCENTRATES, ORGANIC NATURAL FLAVOR.

31.     The front of the Juice Blend product label displays the words "Organic," and "100% JUICE No Sugar Added" in oversized font.

32.     The words "from concentrate," "reconstituted" or similar, are not included on the front of the label as required, or anywhere near to the name of said product, as required by 21 C.F.R. 201.33(g).

33.     Moreover, the term "from concentrate" or "reconstituted" must be no smaller than one-half the height of the letters in the name of the juice. The 5% range information generally should be not less than one-half the height of the largest type appearing in the common or usual name (may not be less than 1/16[th] inch in height on packages with 5 sq. in. or less area on the PDP, and not less than 1/8 inch in height on packages with a PDP greater than 5 sq. in., as required by 21 CFR 102.5(b)(2), 21 CFR 102.33(d), 21 CFR 102.33(g).

34.  Because Defendant intentionally failed to include the required terms "from concentrate" or "reconstituted," they subsequently failed to place said terms on the label at one-half the height of the largest type, and therefore clearly violated FDA name requirements.

35.     Plaintiffs were unaware that they were, in fact, purchasing a juice blend made from concentrated juices.

36.     Knudsen & Sons' Juice Blend misleads consumers into believing the product consists predominantly of juice not from concentrate, when it in fact consists predominantly of less expensive, reconstituted and or concentrated juices.

37.     Knudsen & Sons' Juice Blend retails for $5.83 while their virtually identical "Apple Juice" product retails for $2.98, amounting to a 96% price premium.

38.     Knudsen & Sons' Juice Blend label violates both Federal and State regulations. Specifically, the full text of 21 C.F.R. 102.33(g) requires the following:

> (1) If one or more juices in a juice beverage is made from concentrate, the name of the juice must include a term indicating that fact, such as "from concentrate," or "reconstituted." Such terms must be included in the name of each individual juice or it may be stated once adjacent to the product name so that it applies to all the juices, (e.g., "cherry juice (from concentrate) in a blend of two other juices" or "cherry juice in a blend of 2 other juices (from concentrate)"). The term shall be in a type size no less than one-half the height of the letters in the name of the juice.

> (2) If the juice is 100 percent single species juice consisting of juice directly expressed from a fruit or vegetable whose Brix level has been raised by the addition of juice concentrate from the same fruit or vegetable, the name of the juice need not include a statement that the juice is from concentrate. However, if water is added to this 100 percent juice mixture to adjust the Brix level, the product shall be labeled with the term "from concentrate" or "reconstituted."

39.     Florida adopted Title 21, Part 102 as rules under the Florida Food Act, Chapter 500.  Specifically, 5K-4.002(1)(d) provides as follows:

> (1) The following are hereby adopted as rules under the Florida Food Act, Chapter 500, F.S.:
> . . .
> (d) Code of Federal Regulations Title 21 – Food and Drugs, Part 1, Part 2, Sections 2.5, 2.25-2.125, Parts 7, 70, 73-74, 100, Part 101, (excluding subsection 101.9(g)(2)), Parts 102-190, revised as of April 1, 2003, and Part 1240, revised as of April 1, 2002.

*See* Florida Administrative Code Rule 5k-4.002(1)(d) (2009).

40.     Defendant knowingly and intentionally failed to include statements on containers of Knudsen & Sons' Juice Blend as required by both Federal and State law.

41.     Had Plaintiffs known that Knudsen & Sons' Juice Blend was made from concentrate, they would not have purchased Knudsen & Sons' Juice Blend.

42.     Defendant's Juice Blend contains water, apple, pomegranate and lemon juice concentrates.  As such, Defendant's juice name "must include a term indicating that fact, such as "from concentrate," or "reconstituted."

43.     Additionally, since water is added to this 100 percent juice mixture, the Defendant's Juice Blend must be labeled with the term "from concentrate" or "reconstituted."

44.     As evidenced by the illustration of Defendant's Juice Blend Label as provided herein, Defendant's Juice Blend label is in clear violation of the controlling regulations governing this particular product.

45.     Defendants' method of omitting select information from the Juice Blend label induced plaintiffs into purchasing a product other than what was bargained for.

46.      Had Plaintiffs known that Knudsen & Sons' Juice Blend was an illegally sold product, they would not have purchased Knudsen & Sons' Juice Blend.  Plaintiffs' reliance was reasonable.  A reasonable consumer would have been misled by the Defendant's actions.

47.     As a result, Defendant has violated various provisions of the Florida Food Safety Act, Fla. Stat. §§500-01-500.80 (2014).

48.     Defendant has violated Fla. Stat. § 500.11(1)(f) (2014), because words, statements, or other information required pursuant to the Florida Food Safety Act to appear on the label or labeling, are not prominently placed upon the label or labeling with conspicuousness, as compared with other words, statements, designs, or devices in the labeling, and in terms as to

render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use.

49.     Defendant has violated Florida Food Safety Act § 500.04(1) (2014), which makes it unlawful to manufacture, sell, deliver, possess, hold, or offer to sell any misbranded food.

50.     Defendant has violated Fla. Stat. § 500.115 (2014), which provides, "an advertisement of a food is deemed to be false if it is false or misleading in any particular." Defendant's product label constitutes false advertisement pursuant to Fla. Stat. § 500.115 (2014).

51.     Plaintiffs' claims do not seek to contest or enforce the FDCA or FDA regulation requirements. Nor do Plaintiffs seek an interpretation of the FDA regulations. Plaintiffs' state law claims do not seek to impose labeling requirements that are not identical to those required by federal regulation.

52.     Defendant's labeling not only violates both Federal and State regulations, but also misleads consumers into believing that its product is not from concentrate.  Defendant's naming and labeling campaign is designed to cause consumers to buy Knudsen & Sons' Juice Blend as a result of this deceptive message, and Defendant has succeeded.

53.     Plaintiffs relied on Defendant's labeling, and based and justified the decision to purchase Knudsen & Sons' Juice Blend in substantial part, on these labels.

54.     At point of sale, Plaintiffs did not know, that Knudsen & Sons' Juice Blend was comprised of predominantly juice from concentrate.

55.     At point of sale, Plaintiffs did not know, and had no reason to know, that Knudsen & Sons products were unlawful and misbranded.

56.     Knudsen & Sons' Juice Blend retails for $2.98 while their virtually identical Apple Juice product retails for $5.83, amounting to a 96% price premium.

57.     Had Plaintiffs been aware of these material facts, they would not have paid the premium price for Knudsen & Sons' Juice Blend.

58.     As a result of Defendant's unlawful misrepresentations, Plaintiffs and millions of others in Florida and throughout the United States purchased Knudsen & Sons' Juice Blend.

59.     Defendant's labeling as alleged herein is false and misleading and was designed to increase sales of the Knudsen & Sons' Juice Blend.

60.     A reasonable person would attach importance to Defendant's misrepresentations in determining whether to purchase Knudsen & Sons' Juice Blend.

61.     Plaintiffs' purchase of Knudsen & Sons' Juice Blend damaged them.

62.     Such purchases damages Plaintiffs because, *inter alia*, misbranded products are illegal and have no economic value.

63.     Such purchases damages Plaintiffs because, *inter alia*, Plaintiffs had cheaper alternatives available and paid an unwarranted premium for Knudsen & Sons' Juice Blend.

64.     All purchasers of Knudsen & Sons' Juice Blend were injured.

## CLASS ACTION ALLEGATIONS

65.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following class:

> All persons in Florida who, within the Class Period, purchased Knudsen & Sons' Organic Blueberry Pomegranate Juice (the "Class").

66.     The following persons are expressly excluded from the Class: (1) Defendant and its subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the Court to which this case is assigned and its staff.

67.     This action can be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

68.     **Numerosity:** Based upon Defendant's publicly available sales data with respect to Knudsen & Sons' Juice Blend, it is estimated that number of the Class members are potentially in the thousands, and the joinder of all Class members is impracticable.

69.     **Common Questions Predominate:** This action involves common questions of law and fact applicable to each Class member that predominate over questions that affect only individual Class members. Thus, proof of a common set of facts will establish the right to each Class member to recover. Questions of law and fact common to each Class member include, for example:

a.      Whether Defendant engaged in unfair, unlawful or deceptive business practices by failing to properly package and label Knudsen & Sons' Juice Blend sold to consumers;

b.      Whether the food products at issue were misbranded or unlawfully packaged and labeled as a matter of law;

c.      Whether Defendant made unlawful and misleading claims regarding the content of Knudsen & Sons' Juice Blend;

d.      Whether Defendant violated Florida's Consumer Protection Statues §§501.201-501.213 (2014), Florida Deceptive and Unfair Trade Practice Act, False Advertising pursuant to Fla. Stat. § 817.44 (2014), Breach of Express Warranty; Breach of Implied Warranties for Merchantability and Usage of Trade Pursuant to Fla. Stat. §672.314 (2014), Breach of Implied Warranty pursuant to Uniform Commercial Code §2-314 (2014).

e.      Whether Plaintiffs and the Class are entitled to equitable and/or injunctive relief;

f.      Whether Defendant's unlawful, unfair and/or deceptive practices harmed

Plaintiffs and the Class;

g.      Whether Defendant acted negligently by their deceptive practices; and

h.      Whether Defendant was unjustly enriched by their deceptive practices.

70.      **Typicality:** Plaintiffs' claims are typical of the claims of the Class because

Plaintiffs purchased Defendant's products during the Class Period. Defendant's unlawful, unfair,

and fraudulent actions concern the same business practices described herein irrespective of

where they occurred or were experienced. The injuries of each member of the Class were caused

directly by Defendant's wrongful conduct. In addition, the factual underpinning of Defendant's

misconduct is common to all Class members and represents a common thread of misconduct

resulting in injury to all members of the Class. Plaintiffs' claims arise from the same practices

and course of conduct that give rise to the claims of the Class members and a based on the same

legal theories.

71.      **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the Class.

Neither Plaintiffs nor their counsel have any interests that conflict with or are antagonistic to the

interests of the Class members. Plaintiffs have retained highly competent and experienced class

action attorneys to represent their interests and those of the members of the Class. Plaintiffs and

their counsel have the necessary resources to adequately and vigorously litigate this class action,

and Plaintiffs and their counsel are aware of their fiduciary responsibilities to the Class members

and will diligently discharged those duties by vigorously seeking the maximum possible

recovery for the Class.

72.      **Superiority:** There is no plain, speedy, or adequate remedy other than by

maintenance of this class action. The prosecution of individual remedies by members of the

Class will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of Class members' rights and the disposition of their interests through actions to which they are not parties. Class Action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would create. Further, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the Court and the litigants, and will promote consistency and efficiency of adjudication.

73.     The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate injunctive or equitable relief with respect to the Class as a whole.

74.     The prerequisites to maintaining a class action pursuant to Fed R. Civ. P. 23(b)(3) are met as questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

75.     Plaintiffs and their counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

76.     Plaintiffs are members of the Class they seek to represent.  Plaintiffs' claims are typical of the Class members' claims. Plaintiffs will fairly and adequately protect the interests of the Class in that Plaintiffs' claims are typical and representative of the Class.

77.     There are no unique defenses which may be asserted against Plaintiffs individually, as distinguished from the Class. The claims of Plaintiffs are the same as those of the Class.

78.     This class action is superior to any other method for the fair and efficient adjudication of this dispute.

## CAUSES OF ACTION

### COUNT I

**VIOLATION OF FLORIDA CONSUMER PROTECTION
STATUTES §501.201- §501.213, FLORIDA DECEPTIVE
AND UNFAIR TRADE PRACTICES ACT**

79.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 78 above as if fully set forth herein.

80.     Defendant's conduct constitutes unlawful, unfair and deceptive business acts and trade practices.

81.     Defendant sold Knudsen & Sons' Juice Blend in Florida during the Class Period.

82.     Florida Consumer Protection Statue §501.204 (2012) prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising. For the reasons discussed above. Defendant has engaged in unfair, false, deceptive, untrue and misleading advertising in violation of Fla. Stat. §§501.201-501.213 (2014).

83.     The Florida Deceptive and Unfair Trade Practices Act also prohibits any, "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in conduct of any trade or commerce." Defendant has violated Fla. Sat. §501.204's

prohibition against engaging in unlawful acts and practices by, *inter alia,* making the false and deceptive representations, and also through their omissions of material facts, as set forth more fully herein, and violating Fla. Admin Code Rule 5k-4.002(1)(d) (2009); 21 C.F.R. 102.332(g); 21 U.S.C. §342, 21 U.S.C. §343, 21 U.S.C. §379aa-1, 15 U.S.C. §45 (a)(I), 49 Fed. Reg. 30999 (Aug. 2, 1984), Federal Food, Drug and Cosmetic Act §402(f)(1)(A), and the common law.

84.     Plaintiffs and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing to this date.

85.     Defendant's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of The Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§501.201-501.213 (2014) in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributed to such conduct.

86.     As stated in this Complaint, Plaintiffs allege violations of consumer protection, unfair competition, and truth-in-advertising laws in Florida resulting in harm to consumers. Defendant's conduct constitutes violations Federal and State law, and violates the public policies against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers as proscribed by Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§501.201-501.213 (2014).

87.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

88.     Defendant's claims, nondisclosures and misleading statements, as more fully set forth above and collectively as a scheme, were false, misleading and likely to deceive the consuming public within the meaning of Florida Deceptive and Unfair Trade Practices Act.

89.     Defendant's deceptive conduct constitutes a prohibited practice, which directly and proximately caused and continues to cause substantial injury to Plaintiffs and the other Class members. Plaintiffs and Class members have suffered injury in fact, actual damages, and have lost money as a result of Defendant's unlawful, unfair and fraudulent conduct.  Plaintiffs' damages are the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties.  Defendant's deceptively labeled, and falsely advertised, and misbranded products have little to no market value.

90.     Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

91.     Plaintiffs, on behalf of themselves, and all others similarly situated, seek restitution and disgorgement of all money obtained from Plaintiffs and the members of the Class collected as a result of unfair competitions, an injunction prohibiting Defendant from containing such practices, corrective advertising, including providing notification of the product's health risks, and all other relief this Court deems appropriate, consistent with Florida Deceptive and Unfair Trade Practices Act including attorney's fees and costs.

## COUNT II

### VIOLATION OF FLORIDA INTENTIONAL
### FALSE ADVERTISING STATUTE §817.44

92.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 78 above as if fully set forth herein.

93.     Defendant knowingly and intentionally engaged in false advertising concerning the true juice contents of Knudsen & Sons' Juice Blend. Defendant's conduct was consumer-oriented and this conduct had a broad impact on consumers at large.

94.     Defendant's actions were unlawful and under the circumstances, Defendant had actual knowledge of the falsity, or at the very least ought to have known of the falsity thereof.

95.     Fla. Stat. § 817.44 (2014) defines "false advertising" as "invitations for offers for the sale of any property, real or personal, tangible or intangible, or any services, professional or otherwise, by placing or causing to be placed before the general public, by any means whatever, an advertisement describing such property or services as part of a plan or scheme with the intent not to sell such property or services so advertised."

96.     Defendant intentionally, falsely advertised Knudsen & Sons' Juice Blend in Florida and throughout the United States.  Defendant's Juice Blend name and label violates both Federal and State law minimum requirements.

97.     As fully alleged above, by intentionally and knowingly advertising, marketing, distributing and selling mislabeled Knudsen & Sons' Juice Blend to Plaintiffs and other members of the Class who purchased Knudsen & Sons' Juice Blend in Florida, Defendant engaged in, and continues to engage in, false advertising in violation of Fla. Stat. § 817.44 (2014).

98.     Defendant's misleading marketing, advertising, packaging and labeling of Knudsen & Sons' Juice Blend were likely to deceive reasonable consumers.

99.     Plaintiffs and other members of the Class who purchased Knudsen & Sons' Juice Blend in Florida were deceived.

100.    Absent such injunctive relief, Defendant will continue to falsely and illegally advertise Knudsen & Sons' Juice Blend to the detriment of consumers in the state of Florida.

101.    As a direct and proximate cause of Defendant's violation of Fla. Stat. § 817.44 (2014), Plaintiffs and the members of the Class who purchased Knudsen & Sons' Juice Blend in Florida were injured when they paid good money for these illegal and worthless products.

102.    As a result of Defendant's unlawful false advertising practices, Plaintiffs and the members of the Class who purchased Knudsen & Sons' Juice Blend in Florida, are entitled to an order enjoining such future conduct and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to Plaintiffs and the members of the Class any money paid for Knudsen & Sons' Juice Blend pursuant to Fla. Stat. § 817.44 (2014).

103.    Plaintiffs and the members of the Class are also entitled to attorney's fees and costs.

## COUNT III

## BREACH OF EXPESS WARRANTY; MERCHANTABILITY; USAGE OF TRADE PRUSUANT TO § 672.314 FLORIDA STATUTES

104.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 78 above as if fully set forth herein.

105.    Florida holds that an express warranty can be conferred to the ultimate user of the product – either in written form or by direct assurances from the manufacturer/supplier – regardless of technical privity. Florida has long recognized that a person to whom an express warranty is conferred is entitled to enforce that warranty against that warrantor. *See Cedars of Lebanon Hospital Corp. v. European X-Ray Distrivutors of America, Inc.*, 444 So. 2d 1068 (Fla.

3d DCA 1984); *Cf. Moto Homes of America, Inc. v. O'Donnell*, 400 So. 2d 422 (Fla. 4th DCA

1983) (citing Magnusson-Moss Warranty Act at 15 U.S.C.A. 2310(f)).

106.     Plaintiffs, and each member of the Class, formed a contract with Defendant at the

time Plaintiffs and the other members of the Class purchased Knudsen & Sons' Juice Blend

products. The terms of that contract include the express and implied promises and affirmations of

fact made by Defendant on Knudsen & Sons' Juice Blend products' packaging and through their

marketing campaign, as described above. Knudsen & Sons' Juice Blend products' packaging and

advertising constitutes express and implied warranties, became part of the basis of the bargain,

and is part of a standardized contract between Plaintiffs and the members of the Class on the one

end, and Defendant on the other.

107.     At all times, and as detailed above, Defendant expressly warranted that Knudsen

& Sons' claims on their packaging were true, i.e. that the juice blend was not made from

reconstituted juices and/or concentrated juices, and that they were accurately labeled and

marketed according to federal regulations.

118.     At the time of making these and other warranties with respect to the labeling of

Knudsen & Sons' Juice Blend, Defendant knew or should have known that it had breached the

terms of the contract, including the express warranties with Plaintiffs and the Class by providing

Knudsen & Sons' Juice Blend named "Organic Pomegranate and Blueberry," "100% JUICE"

blend that was predominantly made from reconstituted and/or concentrated juices.

119.     Members of the public, including Plaintiffs, reasonably relied upon the skill and

judgment of Defendant, and upon said express warranties in purchasing Knudsen & Sons' Juice

Blend.

120.    Plaintiffs and the Class purchased Knudsen & Sons' Juice Blend without knowledge that the ingredients of the products were different from the name and label.

121.    Due to Defendant's wrongful conduct as alleged herein, Plaintiffs and the Class could not have known about the true content of Knudsen & Sons' Juice Blend, which is more accurately from concentrate.

122.    As a direct and proximate result of Defendant's breach of their contract, including the breach of express warranties with respect to Knudsen & Sons' Juice Blend, Plaintiffs suffered injuries as set forth above, entitling Plaintiffs to judgment and equitable relief against Defendant, as well as restitution, including all monies paid for Knudsen & Sons' Juice Blend and disgorgement of profits from Defendant received from sales of Knudsen & Sons' Juice Blend, attorneys' fees, punitive damages, and costs, as set forth in the Prayer for Relief.

123.    All conditions precedent to Defendant's liability under this contract, including notice, has been performed by Plaintiffs and the Class.

## COUNT IV

### BREACH OF IMPLIED WARRANTY PURSUANT TO UNIFORM COMMERICAL CODE §2-314

124.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 78 above as if fully set forth herein.

125.    The Uniform Commercial Code §2-314 provides that, unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of the kind.

126.    At all times, Florida has codified and adopted the provisions the Uniform Commercial Code governing the implied warranty of merchantability. Fla. Stat. §672.314 (2014).

127.     Knudsen & Sons' Juice Blend is a "good" as defined in the various states' commercial codes governing the implied warranty of merchantability, including Florida.

128.     As designers, manufacturers, licensors, producers, marketers, and sellers of Knudsen & Sons' Juice Blend, Defendant is a "merchant" within the meaning of the various states' commercial codes governing the implied warranty of merchantability, including Florida.

129.     By placing Knudsen & Sons' Juice Blend in the stream of commerce, Defendant impliedly warranted that the Knudsen & Sons Juice Blend claims on their packaging were true, i.e. that the juice blend was not made from reconstituted juices and/or concentrated juices.

130.     As merchants of Knudsen & Sons' Juice Blend, Defendant knew that purchasers relied upon them to design, manufacture, license and sell products that were not deceptively marketed, and in fact members of the public, including Plaintiffs, reasonably relied upon the skill and judgment of Defendant and upon said implied warranties in purchasing and consuming Knudsen & Sons' Juice Blend.

131.     Plaintiffs and the Class members purchased Knudsen & Sons' Juice Blend for their intended purpose.

132.     Knudsen & Sons' Juice Blend's defects were not open or obvious to consumers, including Plaintiffs and the Class, who could not have known about the true nature and contents of Knudsen & Sons' Juice Blend products.

133.     As a direct and proximate result of Defendant's breach of implied warranties, Plaintiffs and Class members have sustained injuries by purchasing Knudsen & Sons' Juice Blend, which were not as represented, thus entitling Plaintiffs to judgment and equitable relief against Defendant, as well as restitution, including all monies paid for Knudsen & Sons' Juice

Blend and disgorgement of profits from Defendant received from sales of Knudsen & Sons'

Juice Blend, attorneys' fees and costs, as set forth in the Prayer for Relief.

## COUNT V

## NEGLIGENCE

134.    Plaintiffs reallege and incorporate by reference the allegations contained in

paragraphs 1 through 78 above as if fully set forth herein.

135.    Defendant had a duty to represent their products accurately.  Defendant breached

that duty by purposefully or negligently making misrepresentations of fact and omissions of

material fact to Plaintiffs and the other Class members about Knudsen & Sons' Juice Blend

products.

136.    Defendant failed to label or advertise Knudsen & Sons' Juice Blend products in a

lawful manner and violated their duties owed to consumers by purposefully or negligently

engaging in the conduct described herein.

137.    Plaintiffs and the other Class members, as a direct and proximate cause of

Defendant's breach of their duties, were damaged by receiving worthless products, or at the

very least, misbranded and deceptively labeled products.

138.    As described above, Defendant's actions violated a number of express statutory

provisions designed to protect Plaintiffs and the Class.

139.    Defendant's illegal actions constitute negligence *per se*.

140.    Moreover, the statutory food labeling and misbranding provisions violated by

Defendant are strict liability provisions.

141.    By reason of the foregoing, Plaintiffs and the other Class members have suffered

damages in an amount to be determined at trial.

## COUNT VI

## UNJUST ENRICHMENT

142.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 78 above as if fully set forth herein.

143.    As a result of Defendant's fraudulent and misleading labeling, advertising, marketing, and sales of Knudsen & Sons' Juice Blend, Defendant was enriched at the expense of Plaintiffs and the Class.

144.    Defendant sold Knudsen & Sons' Juice Blend to Plaintiffs and the Class which was a product that was illegally sold, illegally misbranded, and had no economic value.

145.    It would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits it received from Plaintiffs and the Class in light of the fact that the products were not what Defendant purported them to be.

146.    Thus, it would be unjust and inequitable for Defendant to retain the benefit without restitution to Plaintiffs and the Class of all monies paid to Defendant for the Juice Blend product at issue.

147.    As a direct and proximate result of Defendant's actions, Plaintiffs and the Class have suffered damages in an amount to be proven at trial.

## <u>JURY DEMAND</u>

Plaintiffs hereby demand a trial by jury of their claims.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs, individually, and on behalf of all other similarly situated persons, pray for judgment against Defendant as follows:

A.      For an order certifying this case as a Class Action and appointing Plaintiffs and their counsel to represent the Class;

25

B.      That the Court adjudge and decree that Defendant has engaged in the conduct

alleged herein;

C.      Awarding declaratory and injunctive relief as permitted by law or equity,

including: enjoining Defendant from continuing the unlawful practices as set forth herein, and

directing Defendant to identify, with Court supervision, victims of their conduct and pay them

restitution and disgorgement of all monies acquired by Defendant by means of any act or

practice declared by this Court to be wrongful;

D.      Ordering Defendant to engage in a corrective advertising campaign;

E.      Awarding Plaintiffs and the proposed Class members damages;

F.      Awarding restitution and disgorgement to Plaintiffs and the other Class members;

G.      Awarding attorneys' fees and costs; and

H.      Providing such further relief as may be just and proper.

Dated: January 28, 2015

Respectfully submitted,


*/s/ Tim Howard*
Tim Howard, J.D., Ph.D.
Florida Bar No.: 655325
**HOWARD & ASSOCIATES, P.A.**
2120 Killarney Way, Suite 125
Tallahassee, FL 32309
Telephone: (850) 298-4455
Fax: (850) 216-2537
tim@howardjustice.com